O’Neill, J.
Senator C. Stanley Mechem represents the electors of the geographical area composed of Athens, Hocking, Fairfield, Morgan and Washington Counties, and parts of Monroe and Noble Counties, known as the 9th-14th senatorial district in the Ohio Senate at the present time, having been elected *363 by tbe electors of that district in tbe November 1960 election. His term does not expire until January 1965.
Senator Robert E. Zellar represents tbe electorate of Muskingum, Licking, Delaware and Perry Counties, designated as the 15th-16th senatorial district in tbe Obio Senate at tbe present time. His term expires in January 1963.
Tbe apportionment made by respondents Rhodes and Brown combines these two districts. It provides that tbe electors of tbe combined district shall elect one Senator to represent them in tbe 1963-1964 session, one in tbe 1965-1966 session, two in tbe 1967-1968 session, two in tbe 1969-1970 session, and one in tbe 1971-1972 session. It provides that Senator Mechem shall continue as a member of tbe Obio Senate until bis present term expires in January 1965 at tbe end of the 1963-1964 session.
Relator contends that tbe apportionment is unconstitutional in providing for tbe electors of the combined district to elect a Senator to represent them in tbe 1963-1964 session. Relator argues that there should be no election for a Senator from tbe combined district until the November 1964 election, and that the respondents should decree that Senator Mechem represent tbe combined district during tbe 1963-1964 session, even though tbe electors of four of tbe counties of tbe combined district bad no opportunity to participate in his election.
Respondents and relator agree that Senator Mechem continues as a member of tbe Obio Senate under tbe provisions of tbe Constitution until his present term expires in January 1965.
Relator sums up his position as follows:
“Tbe overriding duty of tbe respondents under Article XI is to determine and fix tbe representation of tbe various districts in accordance with tbe constitutional formula. It is tbe representation that we are concerned with and not tbe election as respondents would have us believe.”
The respondents Rhodes and Brown’s position may be summarized as follows:
For a Senator to be the representative of tbe electors of a district, under tbe provisions of Section 2 of Article II of the Obio Constitution, all tbe electors of tbe district must have bad the opportunity to participate in bis election.
There is no power or authority under tbe Constitution or *364 the laws of Ohio that requires, or even permits, the respondents to decree that a Senator elected by the electors residing in a portion of the geographical area now encompassed in the combined senatorial district shall be the representative of those electors residing in the other portion of the geographical area of the district who were not allowed to participate in his election.
The mathematical inequalities between districts, based upon population, are not great regardless of which apportionment is adopted. Relator, however, contends that in the Senate the adding of one additional Senator in the first session of the decennial period will dilute the effect of the vote and the influence of the Senators from his district in that session. This mathematical inequality, when determined in the perspective of the decennial period, is not significant.
Relator asserts that under Section 11 of Article XI of the Ohio Constitution, the combined 9th-14th-15th-16th senatorial district is entitled to only one Senator in the 105th General Assembly beginning in 1963, and that the Senator elected by the electors of the former 9th-14th district and entitled to serve in the 105th General Assembly should represent the electors of the former 15th-16th district as well in the 105th session.
Relator relies upon the language of the opinion in State, ex rel. Evans, v. Dudley, 1 Ohio St., 437. That opinion, in referring to the provisions of the Ohio Constitution governing apportionment, at page 446, makes the following statement:
“These provisions irrevocably fix the districts and apportion representation for ten years.”
Respondents Rhodes and Brown cite Section 2, Article II of the Ohio Constitution, which provides, in part, that “Senators shall be elected by the electors of the respective senatorial districts,” and Section 11, Article XI of the Ohio Constitution, which provides, in part, that “the Governor, Auditor, and Secretary of State, or any two of them, shall * * * ascertain and determine the ratio of representation, according to the decennial census, the number of * * # Senators each * * * district shall be entitled to elect, and for what years, within the next ensuing ten years.” (Emphasis added.)
Relator answers by asserting that respondents have determined that the first district, consisting of Hamilton County, is *365 entitled to representation in the 105th General Assembly by three Senators, but only one to be elected for the 105th General Assembly in November 1962, the other two being holdover members who were elected in 1960 for four-year terms.
Respondents Rhodes and Brown counter this argument by stating that all three Senators from Hamilton County represent only Hamilton County and each one was elected by the electors of that county.
Relator points to the fact that vacancies in the Ohio Senate are filled “by appointment by the members of the Senate who are affiliated with the same political party as the person last elected by the electors to the seat which has become vacant” and not by election. Respondents Rhodes and Brown answer this contention by citing that this procedure is required by an amendment to the Constitution of Ohio, Section 11, Article II, adopted by the electors of the state on November 7,1961.
Relator also cites Section 3521.02, Revised Code, which provides that vacancies in the Senate of the United States shall be filled by appointment by the Governor. However, this is in accordance with the statute passed by the Legislature pursuant to the provisions of the Constitution.
Relator concludes his argument by contending that a determination that the incumbent Senator in the 104th General Assembly of the 9th-14th senatorial district, Senator Mechem, shall be designated as the one and only Senator to represent the combined 9th-l4th-15th-16th senatorial district in the 105th General Assembly will comply completely and literally with the provisions of Article XI of the Constitution.
Respondents Rhodes and Brown contend that Section 2, Article II of the Constitution, is mandatory in that “Senators shall be elected by the electors of the respective senatorial districts ’ ’ except as the Constitution provides for the filling of vacancies ; and that Section 11, Article XI (providing for apportionment), plainly states that the apportionment shall determine the number of Senators each district shall be entitled to elect.
Further, respondents Rhodes and Brown assert that the relator has not been able to point to any provision of the Constitution or law Avhich requires, is authority for, or even permits *366 the respondents to designate the incumbent Senator of the 9th-14th district in the 104th General Assembly to represent the combined 9th-14th-15th-16th district in the 105th General Assembly. Respondents Rhodes and Brown assert that the Constitution requires that the Senator from a district be elected to represent the district.
All parties concede that the inequality of representatation between districts, based on population, is not sufficient in this case to be of importance, and it appears to this court that the dilution of the vote and influence of the Senators from relator’s district by the apportionment in this case is, if it exists at all when taken over the decennial period, small indeed.
A reasonable argument can be-advanced by both relator and respondents Rhodes and Brown for the apportionment which each advocates. There is, however, no clear legal duty under the Constitution and the statutes upon respondents to fix the apportionment other than in the way they have determined.
The demurrer to the petition is sustained, and, counsel having agreed that such ruling will be dispositive of the case, the writ is denied.

Demurrer sustained and writ denied.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Griffith, JJ., concur.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Herbert, J.